# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 27, 2017

```
* * * * * * * * * * * *
Estate of GLENN MERAMO, by          *
NANCY MERAMO, Executrix,            *        UNPUBLISHED
                                    *
            Petitioner,             *        No. 15-1234V
                                    *
v.                                  *        Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *        Joint Stipulation; Influenza ("Flu")
AND HUMAN SERVICES,                 *        Vaccine; Guillain-Barré Syndrome
                                    *        ("GBS"); Chronic Inflammatory
            Respondent.             *        Demyelinating Polyneuropathy
                                    *        ("CIDP"); Death.
* * * * * * * * * * * *
```

Cliff J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
Debra A. Begley, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On October 22, 2015, petitioner Nancy Meramo, as executrix of the estate of Glenn Meramo, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2] Petitioner alleges that as a result of an influenza ("flu") vaccine received on November 14, 2013, Glenn Meramo suffered Guillain-Barré Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

("CIDP"). Joint Stipulation at ¶ 4. Petitioner further alleges that these injuries caused or contributed to Mr. Meramo's death. *Id.* at ¶ 5.

On June 27, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccine caused Mr. Meramo's alleged GBS, CIDP, or any other injury. *Id.* at ¶ 6. Respondent further denies that Mr. Meramo's death was a sequela of a vaccine-related injury. *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following in compensation:

1) **A lump sum of $55,000.00 in the form of a check payable to petitioner Nancy Meramo, as executrix of the estate of Glenn Meramo. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.**

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                         **s/Thomas L. Gowen**
                                                        Thomas L. Gowen
                                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ESTATE of GLENN MERAMO, by NANCY MERAMO, Executrix, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 15-1234V (ECF) <br> Special Master Gowen |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her deceased husband, Glenn Meramo ("Glenn"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Glenn's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Glenn received a flu vaccination on November 14, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Glenn suffered Guillain-Barré Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), which were caused-in-fact by the flu vaccine. Petitioner further alleges that these injuries caused or contributed to Glenn's death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Glenn's behalf as a result of his condition or death.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, CIDP, or any other injury, and further denies that that Glenn's death on July 22, 2015, was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $55,000.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Glenn's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Glenn's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Glenn Meramo at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Glenn Meramo upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of the Estate of Glenn Meramo, deceased, and on behalf of the Estate and Glenn's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Glenn Meramo resulting from, or alleged to have resulted from, the flu vaccination administered on November

14, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about October 22, 2015, in the United States Court of Federal Claims as petition No. 15-1234V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Glenn's alleged GBS, CIDP, or any other injury, or contributed in any way to his death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ Nancy Meramo*

NANCY MERAMO

| | |
|---|---|
| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |

CLIFFORD J. SHOEMAKER, ESQ
Shoemaker, Gentry & Knickelbein
9711 Meadowlark Road
Vienna, VA 22182
(703) 281-6395

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125

DATE: June 27, 2017