# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 1, 2017

```
* * * * * * * * * * * * *
Estate of GLENN MERAMO, by          *
NANCY MERAMO, Executrix,            *       UNPUBLISHED
                                    *
              Petitioner,           *       No. 15-1234V
                                    *
v.                                  *       Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *       Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *       Adjustment of Attorneys'
                                    *       2017 Hourly Rates.
              Respondent.           *
* * * * * * * * * * * * *
```

<u>Cliff J. Shoemaker</u>, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
<u>Debra A. Begley</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 22, 2015, petitioner Nancy Meramo, as executrix of the estate of Glenn Meramo, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2] Petitioner alleges that as a result of an influenza ("flu") vaccine received on November 14, 2013, Glenn Meramo suffered Guillain-Barré Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), which caused or contributed to his death. Joint Stipulation at ¶¶ 4, 5.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 27, 2017, the parties reached a stipulation recommending that compensation be awarded to petitioner, which I approved on the same day. Stipulation Decision (ECF No. 44). Petitioner is therefore entitled to an award of reasonable attorneys' fees and costs, incurred in any proceeding on the petition. Section 300aa-15(e).

On August 15, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion (ECF No. 50). The motion requests $21,120.90 in attorneys' fees and $7,408.40 in attorneys' costs, for a total request of $28,529.30. *Id.* at 1. Consistent with General Order #9, the motion includes petitioner's signed statement that she paid $400.00 to counsel to file the claim, but did not incur any other expenses or payments to counsel. *Id.* at 2-4.

On August 29, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent's Response (ECF No. 51). Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Respondent's Response at 2. Respondent "recommends that the special master exercise his discretion to determine whether an award for attorneys' fees and costs is warranted and, if so, what a reasonable award should be." Respondent's Response at 3. This matter is now ripe for adjudication.

I have reviewed the motion for fees and costs and the supporting documentation. Overall, the request seems reasonable. I find no cause to adjust the time expended or costs. However, it is necessary to reduce the attorneys' hourly rates for work performed in 2017. The motion requests that Mr. Shoemaker receive $446/ hour for work performed in 2017. Petitioner's Motion at 5-6. This is contrary to the Office of Special Masters' fee schedule for 2017[3] which provides that an attorney with Mr. Shoemaker's experience may appropriately be awarded $394 - $440 and no higher. I recently declined to award Mr. Shoemaker this requested rate and instead awarded him the upper limit of $440/ hour. *Bookey v. Sec'y of Health & Human Servs.*, No. 13-26V, 2017 WL 2544892 (Fed. Cl. Spec. Mstr., May 18, 2017). I will do the same in this case.

Similarly, the motion requests that Ms. Gentry receive $430/ hour for work performed in 2017, which exceeds the applicable range of $358 - $424. Petitioner's Motion at 6-7. In *Bookey,* I also adjusted Ms. Gentry's rate to the upper limit of $424. I will also adjust her rate in this case. The adjustments to Mr. Shoemaker and Ms. Gentry's rates for work performed in 2017 result in a deduction of $71.80 from the fee award.

Accordingly, I award the following:

1) **A lump sum in the amount of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable solely to petitioner.**

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914.

    **2) A lump sum in the amount of $28,457.60, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Cliff J. Shoemaker of Shoemaker, Gentry & Knickelbein.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

                                                   **s/Thomas L. Gowen**
                                                 Thomas L. Gowen
                                                 Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.